United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Jorge Rodriguez, Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 20-21134-Civ-Scola |
| ) | |
| His House Children's Home, ) | |
| Defendant. ) | |

### Order Granting Motion to Dismiss

In this Fair Credit Reporting Act case, Plaintiff Jorge Rodriguez complains his employer, Defendant His House Children's Home, failed to provide him with proper disclosures and notices regarding background checks performed in conjunction with employment. (Compl., ECF No. 1.) His House has filed a motion to dismiss Rodriguez's complaint, arguing his claims should be dismissed because he lacks standing, he has failed to state a claim upon which relief may be granted, and Florida law shields His House from liability under the FCRA. (Def.'s Mot., ECF No. 12.) Rodriguez opposes the motion. (Pl.'s Resp., ECF No. 21.) And His House has timely replied, in support of its motion. (Def.'s Reply, ECF No. 22.) After careful review, the Court finds Rodriguez lacks standing with respect to one of his claims and that he has failed to state a claim regarding his remaining claims. Accordingly, the Court **grants** His House's motion to dismiss (**ECF No. 12**).

1. **Background**[1]

On March 28, 2018, Rodriguez applied for a position as a counselor for His House, which operates a children's home that serves immigrant children who are learning to assimilate into American life. (Compl. ¶¶ 12, 13.) His House advised Rodriguez that it requires job applicants to submit to a background check. (*Id.* ¶ 15.) His House's background check reviews information regarding a potential employee's "character, general reputation, personal characteristics, and/or mode of living" to determine whether to hire an applicant. (*Id.* ¶ 14.) Rodriguez authorized, in writing, through a document His House provided to him, "that a consumer report may be obtained for employment purposes." (*Id.* ¶¶ 16, 18.)

In addition to the disclosure that a consumer report would "be obtained for employment purposes" (*id.* ¶ 19), the document His House presented to

---

[1] The Court accepts the Plaintiff's factual allegations as true for the purposes of evaluating the Defendant's motion to dismiss. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

Rodriguez contained additional language: (1) releasing His House and "the Social Administration" "from any and all liability for any claims whatsoever"; (2) notifying Rodriguez that he could be terminated if any information in his application is later to found to be false; and (3) indemnifying His House from any claims resulting from His House's contact with Rodriguez's references and former employers and schools and inquiry into Rodriguez's legal residency status (*id.* ¶ 20). Though he doesn't explain why, Rodriguez says this document left him "with the belief that he ha[d] no rights relative to his lost employment [or] the background check that led to his lost employment" and that "he may even be held to indemnify [His House]." (*Id.* ¶ 45.)

Rodriguez's background-check results were, thereafter, provided to His House (Rodriguez does not say by whom) on April 10, 2018. (*Id.* ¶ 21.) Rodriguez assumed that his background check was satisfactory because His House hired him, and he began working as a counselor on May 21. (*Id.* ¶¶ 22, 24.)

Over a year and a half later, on January 10, 2020, Rodriguez says DCF notified him that another background check had been performed on him by His House "as part of the requirements for continued employment." (*Id.* ¶¶ 25, 26.) DCF also advised Rodriguez as follows:

> We have reviewed the criminal history results from a background screening you submitted as part of the employment or licensure process. The criminal history report was missing arrest and court case history on the following offence(s): BUREAU OF IMMIGRATION CUSTOMS ENFORCEMENT, LAW ENFORCEMENT SUPPORT CENTER 877-999-5372 IMMIGRATION VIOLATION—DEPORTED FELON.

(*Id.* ¶ 28.) DCF's letter then went on to instruct Rodriguez that:

> in order to maintain his employment or licensure, he must, within 30 days, obtain (1) a copy of the arrest report of the law enforcement agency that arrested him; (2) a copy of the court disposition; and if he cannot obtain a copy of these[,] a notarized statement . . . explaining why he was arrested and details of the victim and his sentence.

(*Id.* ¶ 29.)

In actuality, the criminal charge presented in the letter had nothing to do with Rodriguez who has never been arrested, convicted, or deported and who is a United States citizen. (*Id.* ¶ 30.) Rodriguez says His House received and reviewed "the consumer report" and, apparently unaware of its inaccuracy, removed Rodriguez from the work schedule on January 24 and then terminated his employment on January 31. (*Id.* ¶¶ 35–37.) Prior to taking any action against Rodriguez, His House did not provide him with a copy of any

consumer report nor did His House provide him a written description of his rights under the FCRA. (*Id.* ¶¶ 40, 41.) Further, at no time after making the decision to remove and terminate Rodriguez, did His House notify him of the name, address, or telephone number of, or his right to obtain a free copy of a report from, the consumer reporting agency that purportedly furnished the report to His House. (*Id.* ¶¶ 38, 39.)

## 2. Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing the legal sufficiency of a complaint's allegations, the Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint "must . . . contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted) (citing *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A court must dismiss a plaintiff's claims if he fails to nudge his "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Id.* at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

### 3. Analysis

Rodriguez maintains His House violated six different provisions of the FCRA that all require various forms of notice regarding employer-initiated background checks for employees or potential employees: an initial-disclosure provision, § 1681b(b)(2)(A)(i), and five provisions dealing with adverse actions taken as a result of a consumer report, 1681b(b)(3)(A)(i), (ii); §§ 1681m(a)(1), (3)(A), (4). (Compl. ¶ 46.)

Under the *initial-disclosure provision,* an employer, in procuring a consumer report for use in an employment decision, must provide its employee, or potential employee, with "a clear and conspicuous disclosure . . . in writing . . . before the report is procured . . . in a document that consists solely of the disclosure" and that discloses "a consumer report may be obtained for employment purposes." 15 U.S.C. § 1681b(b)(2)(A)(i).

As provided for in the *adverse-action provisions,* an employer, before taking "any adverse action based . . . on [a consumer] report," is required to provide the affected employee with certain information and various notices:

- a copy of the report, § 1681b(b)(3)(A)(i);
- "a written description of [the employee's] rights under the [relevant FCRA provisions]," § 1681b(b)(3)(A)(ii);
- "notice of the adverse action," § 1681m(a)(1);
- "the name, address, and telephone number of the consumer reporting agency . . . that furnished the report," § 1681m(a)(3)(A);
- notice of the right to "obtain . . . a free copy of a consumer report on the [employee] from the consumer reporting agency . . . [within a] 60-day period," § 1681m(a)(4)(A); and
- notice of the right to "dispute . . . with a consumer reporting agency the accuracy . . . of any information in a consumer report furnished by the agency," § 1681m(a)(4)(B).

His House presents three main arguments in its motion to dismiss: (1) Rodriguez lacks standing; (2) Rodriguez fails to state a claim because he provides only conclusory allegations against His House and conflates those allegations with actions taken by DCF; and (3) Florida law precludes Rodriguez's claims. In response, Rodriguez maintains (1) he has alleged an injury in fact and therefore has standing to bring his FCRA claims; (2) he has, indeed, sufficiently pleaded his claims; and (3) the state law His House relies on does not absolve it of complying with federal law. The Court agrees with Rodriguez that His House's argument that Florida statutory provisions shield it from Rodriguez's FCRA claims is wholly meritless. The Court also agrees with Rodriguez that he has alleged an injury in fact sufficient to establish Article III

standing with respect to the statutory provisions that address an employer's responsibilities when taking an adverse action based on information in a consumer report. The Court does not agree, however, that Rodriguez has alleged standing with respect to His House's alleged violation of the initial-disclosure provision. The Court also finds Rodriguez has failed to state a claim regarding His House's alleged violations of the adverse-action provisions. Accordingly, because Rodriguez has not established standing to proceed with his claim under 15 U.S.C. § 1681b(b)(2)(A)(i) and because he fails to state a claim under any of the other provisions, the Court dismisses his complaint.

### A. Standing

"For a party to have standing to bring a lawsuit, it must have '(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" *Muransky v. Godiva Chocolatier, Inc.*, 16-16486, 2020 WL 6305084, at *4 (11th Cir. Oct. 28, 2020) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), *as revised* (May 24, 2016)). Here, the parties focus on the first element—injury. Rodriguez maintains he "has unequivocally alleged concrete and particularized harm to satisfy Article III under *Spokeo*." (Pl.'s Resp. at 8 (referring to *Spokeo*, 136 S. Ct. 1540).) With respect to Rodriguez's claims under the FCRA provisions addressing adverse actions taken as a result of a consumer report (i.e., §§ 1681b(b)(3)(A)(i), (ii); 1681m(a)(1), (3)(A), (4)(A), (4)(B)), the Court agrees: Rodriguez alleges facts linking His House's purported statutory violations to his termination which was, in turn, based on a crime attributed to him, in a report, that he did not commit. These allegations are enough to plausibly allege a concrete injury.

With respect to Rodriguez's claim regarding the substance and form of the required initial disclosure (i.e., § 1681b(b)(2)(A)(i)), however, Rodriguez's allegations as to concreteness are lacking. As the Eleventh Circuit recently reiterated, in an en banc decision, a bare procedural violation of a statute alone is not enough to show concrete harm. *Muransky*, 2020 WL 6305084, at *8. Instead, a statutory violation must either result in actual harm, whether tangible or intangible or, if not, the violation must have "posed a material risk of harm to the plaintiff." *Id.*

Here, regarding the initial-disclosure violation, Rodriguez, in his complaint, says His House's initial disclosure document, presented to him when he applied for his position, violated the requirements of FCRA in that (1) the document did not contain, as required, "a clear and conspicuous disclosure" that His House would be procuring a consumer report and (2) the document containing the disclosure did not consist, also as required, "*solely* of the disclosure." (Compl. ¶¶ 17, 19 (emphasis added).) Rodriguez does not

supply any facts supporting his conclusory allegation that the initial disclosure document was not "clear and conspicuous." He does, however, present facts listing the additional language that was improperly included in the initial disclosure: a release of liability for "the Social Administration"; a warning that false information in Rodriguez's application could result in his termination; and language indemnifying His House for any claims arising from its contacting Rodriguez's former employers, former schools, references or inquiring into Rodriguez's residency status. (*Id.* ¶ 20.) These facts are enough to establish a violation of § 1681b(b)(2)(A)(i)'s requirement that the disclosure not include any information aside from the consumer-report disclosure itself.

Rodriguez's allegations regarding harm flowing from this statutory violation, though, are inadequate. The vast majority of Rodriguez's complaint focuses on the adverse action taken by His House, nearly two years after Rodriguez was presented with the initial disclosure paperwork. (*E.g.* Compl. ¶ 43 ("[Rodriguez] has suffered actual damages in the form of financial and dignitary harm arising from [His House's] review of false information and assigning it to [Rodriguez,] creating an injury to his reputation.").) And the limited allegations Rodriguez does supply regarding harm he suffered as a result of the noncompliant initial disclosure are nothing but conclusory generalities that are not adequately connected to the statutory violation. For example, Rodriguez says the noncompliant disclosure "caused actual harm in that it left Plaintiff with the belief that he has no rights relative to his lost employment and the background check that led to his lost employment." (*Id.* ¶ 45.) He also complains, without any explanation as to why, the disclosure "left [him] with the belief that he may even be held to indemnify [His House]" and that he "has no rights when it comes to a background check being performed." (*Id.*) These summary conclusions do not amount to the "facts" required to satisfy the requirements of Article III. *See Muransky*, 2020 WL 6305084, at *4 ("We will not imagine or piece together an injury sufficient to give a plaintiff standing when it has demonstrated none, and we are powerless to create jurisdiction by embellishing a deficient allegation of injury.") (cleaned up).

Rodriguez's failure to allege an injury stems, in part, from his failure to supply any facts supporting his bare contention that His House's procedural violation—of including additional language with the initial-disclosure document—rendered the disclosure misleading. Additionally, Rodriguez himself acknowledges that, despite the extraneous information, he nonetheless "authorized [His House], in writing, on the . . . document presented," to obtain "a consumer report . . . for employment purposes." (Compl. ¶ 18.) Because the harm Rodriguez's alleges, that purportedly arose as a result of the initial-disclosure documents, is wholly conclusory, and because, further, that alleged harm is disconnected from the statutory violation itself, Rodriguez fails to

establish that "the violation itself caused harm, whether tangible or intangible." *Muransky*, 2020 WL 6305084, at *8.

Further, Rodriguez has failed to allege that the violation of § 1681b(b)(2)(A)(i) "posed a material risk of harm." *Muransky*, 2020 WL 6305084, at *8. "Factual allegations that establish a risk that is substantial, significant, or poses a realistic danger will clear this bar." *Id.* at *12. The stated goal of the FCRA is to "require that consumer reporting agencies adopt reasonable procedures . . . in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(b). There is nothing about His House's inclusion of information extraneous to the disclosure that Rodriguez has pointed to that elevated the risk that he would be harmed by any breach of confidentiality, lack of accuracy or relevancy, or the improper utilization of his information. This statutory violation in particular did not, as Rodriguez sets forth in his opposition, deprive him of any information to which he was statutorily entitled. And Rodriguez has not supplied any actual facts to support his assertion that the bare procedural violation of § 1681b(b)(2)(A)(i) alleged here—regarding the inclusion of impermissible extraneous information—"inhibited [his] ability to discern his rights under the FCRA and sustain his employment." (Pl.'s Resp. at 8.) In sum, "a bare procedural violation, divorced from any concrete harm, [cannot] satisfy the injury-in-fact requirement of Article III." *Spokeo*, 136 S. Ct. at 1549.

Lastly, the Court is not persuaded by the case Rodriguez relies on to bolster his position. In that case—*Moody v. Ascenda USA Inc.*—the district court found that a violation of § 1681b(b)(2)(A)(i), where an initial disclosure, like here, included extraneous information, established standing. 16-CV-60364-WPD, 2016 WL 5900216, at *3 (S.D. Fla. Oct. 5, 2016) (Dimitrouleas, J.). In so finding, the court there determined that § 1681b(b)(2)(A)(i) established two rights: the right to specific information in the form of a clear and conspicuous disclosure and the right to privacy in one's consumer report that employers may invade only under statutorily defined circumstances. *Moody*, 2016 WL 5900216, at *6 (quoting *Thomas v. FTS USA, LLC*, 2016 WL 3653878, at * 8, 11 (E.D. Va. Jun. 30, 2016)). Here, however, Rodriguez does not allege facts showing that the limited extraneous information included in his disclosure rendered His House's disclosure unclear or inconspicuous. Rodriguez's allegations in that regard are wholly conclusory. Nor does Rodriguez allege any invasion of privacy since he acknowledges that he, indeed, authorized His House to obtain the consumer report. Additionally, the *Moody* opinion issued before the Eleventh Circuit reiterated, in *Muransky*, the allegations necessary to establish standing in this kind of case. In this case, the Court finds the allegations as to the extraneous information included in His

House's initial disclosure amount to nothing more than a bare procedural violation of § 1681b(b)(2)(A)(i).

### B. Failure to State a Claim

With respect to the remainder of Rodriguez's claims, the Court agrees with His House that Rodriguez fails to state claims under any of the other FCRA provisions, all dealing with information and notices an employer is required to provide before taking an adverse action based on a consumer report. The crux of Rodriguez's failure to state a claim arises from the lack of any allegations that the information that actually lead to Rodriguez's termination was, in fact, a consumer report as that term is defined in the FCRA.

First, a "consumer report" is defined, by the FCRA, as any "communication of any information by a consumer reporting agency bearing on," among other things, an employee's "character, general reputation, [or] personal characteristics" which may be used in making employment decisions. 15 U.S.C. § 1681a(d)(1)(B). A "consumer reporting agency," in turn, is any entity that "regularly engages in . . . the practice of assembling or evaluating . . . information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. § 1681a(f).

The letter Rodriguez received from DCF advised him that DCF reviewed his initial background check and noticed the initial criminal history "was missing" information about an "arrest and court case history" for a felony immigration violation for which, it was indicated, Rodriguez had been deported. (Compl. ¶ 28.) Without any additional factual foundation, Rodriguez concludes "[t]he report obtained that ultimately led to the criminal information that appeared [i]n the [DCF] correspondence . . . was a consumer report, as that term is defined by 15 U.S.C. § 1681a(d)." (Compl. ¶ 31.) Instead of supplying facts to support this allegation, however, Rodriguez merely recites the statutory definition of a consumer report. (*Id.* ¶¶ 32, 33.) But that is not nearly enough to survive a motion to dismiss for a failure to state a claim: indeed, "merely recit[ing] the statutory language without additional factual support . . . will not do." *Lavut v. Bank of Am.*, 798 Fed. App'x 372, 375 (11th Cir. 2019). From the facts supplied, the Court has no way of knowing where DCF got the information about the immigration conviction; based on the complaint's allegations, it could have come from anywhere. And there are certainly no facts from which the Court could infer the source of the information meets the statutory definition of a consumer report provided by a consumer-reporting agency.

Further compounding the problem, Rodriguez fails to allege facts connecting the purported consumer report to His House. Instead he conjectures the "consumer report was to be used by [His House] to assist in determining [Rodriguez's] continued fitness for the position" and concludes "[a]fter receiving and reviewing the consumer report[, His House] intended to terminate [Rodriguez's] employment based . . . on the . . . consumer report." (Compl. ¶ 34.) But without any supporting facts this is all pure speculation, amounting to, at most, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. The Court is, thus, left without any factual allegations from which it could determine what His House actually considered in terminating Rodriguez, never mind whether what it reviewed was a consumer report, issued by a consumer-reporting agency. Accordingly, Rodriguez's complaint cannot survive dismissal with respect to its claims regarding the adverse-action FCRA provisions.

### 4. Conclusion

Based on the foregoing, the Court **grants** His House's motion to dismiss (**ECF No. 12**) and **dismisses** Rodriguez's complaint. Because the Court dismisses Rodriguez's claim under § 1681b(b)(2)(A)(i) on the basis of standing, that dismissal is **without prejudice**. *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1234 (11th Cir. 2008) (noting a complaint dismissed for a lack of standing is not a judgment on the merits and therefore should be without prejudice). Because the Court's dismissal of Rodriguez's remaining claims, however, is based on his failure to state a claim under Rule 12(b)(6), and therefore on the merits, those dismissals are **with prejudice.** *See Wagner v. Daewoo Heavy Industries Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) ("A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."); *Avena v. Imperial Salon & Spa, Inc.*, 17-14179, 2018 WL 3239707, at *3 (11th Cir. July 3, 2018) ("[W]e've rejected the idea that a party can await a ruling on a motion to dismiss before filing a motion for leave to amend.")

Accordingly, the Clerk is directed to **close** this case. Any pending motion are **denied as moot**.

**Done and ordered**, at Miami, Florida, on November 4, 2020.

Robert N. Scola, Jr.
United States District Judge